Edward Copeland
212.603.2593 Direct Dial
ecopeland@thelen.com



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/07
```

May 10, 2007

BY HAND DELIVERY

Honorable William H. Pauley, III
United States District Court for the Southern
District of New York
United States Court House
Chambers 2210
500 Pearl Street
New York, New York 10007

> No pre-motion conference is necessary. Defendants are directed to file a sur-reply, not to exceed 15 pages in length, by 5/25/07. The sur-reply should address the motion to strike, as well as the merits of Plaintiffs' reply. Oral argument adjourned to 6/6/07 at 12:00 p.m.
>
> SO ORDERED:
>
> WILLIAM H. PAULEY III U.S.D.J.
> 5/14/07

Re:   **Toure, et al. v. Central Parking System of
       New York, Inc., et. al.
       <u>05 Civ. 5237 (WHP) (S.D.N.Y.)</u>**

Dear Judge Pauley:

We represent the defendants Central Parking System of New York, Inc. (incorrectly named as Central Parking System Systems of New York, Inc. in the Complaint), Central Parking Corporation, Hector Chevalier, Patris Freycinet, Rajendra Mangal, John Harrison, Danny Benoit and Juan Acevedo.

<u>I write pursuant to paragraph 3.A.(ii) of Your Honor's Individual Practices to request a pre-motion conference in anticipation of filing a motion to strike Plaintiffs' Reply Memorandum of Law In Further Support of Plaintiffs' Motion for Class Certification and to Circulate Notice of Pendency dated April 27, 2007 ("Plaintiffs' Reply Memo") and/or to allow defendants to file a surreply in opposition to the plaintiffs' pending motion to certify a class and circulate a notice of pendency.</u>

On April 27, 2007, plaintiffs filed a reply memorandum in support of their motion. The memorandum filed is 17 pages long and exceeds by 7 pages the page limitation set forth in paragraph 3.C. of Your Honor's Individual Practices. As far as I am aware, permission has not been granted to file an oversized memorandum. I raised this issue with plaintiffs' counsel last week before sending this letter.

NY #1151072 v1

Honorable William H. Pauley, III
May 10, 2007
Page 2

Plaintiff's reply is improper for reasons other than exceeding the page limitations. In their reply, plaintiffs raise new matters and new arguments that should not be considered. *See Haywin Textile Prods. v. Int'l Fin. Inv. & Commerce Bank Ltd.*, 137 F. Supp.2d 431, 434 n.2 (S.D.N.Y. 2001), *aff'd*, 2002 U.S. App. LEXIS 12384 (2d Cir. N.Y. 2002) ("It is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party.") (internal citations omitted); *Playboy Enters. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) ("Arguments made for the first time in a reply brief need not be considered by a court.") (internal citations omitted); *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 677 n.5 (S.D.N.Y. 1995). Accordingly, the Court should disregard the arguments raised for the first time in Plaintiffs' Reply Memo and strike the memorandum.

First and for example, plaintiffs' argue that Susana Mune should be a class representative. Plaintiffs seek to justify their request by making various assertions and in doing so, plaintiffs provide an inaccurate and misleading account. This is despite the fact that Ms. Mune is the plaintiff in a separate case (filed by the same counsel), is not even named as a plaintiff in this case and, as explained below, is not even within the putative class in this case. None of plaintiffs' arguments were made in plaintiffs' moving papers and plaintiffs' motion argued only that the named plaintiffs be made class representatives.

Second, a number of the plaintiffs seek to disavow their sworn deposition testimony. In other contexts, plaintiffs cannot simply distance themselves from testimony given under oath and the effort to do so here raises additional questions about the adequacy of plaintiffs as class representatives. Indeed, in their initial moving papers, plaintiffs made an extremely weak showing, submitting affidavits which failed to meet their burden on a number of scores. Plaintiffs now submit a new set of affidavits which, while still insufficient, make arguments not made in the moving papers. Defendants have had no opportunity to address this attempt to disavow their testimony at deposition and submit new arguments through the reply memorandum and new affidavits.

Third, plaintiffs appear to acknowledge their attempt to expand the purported class beyond the scope of the complaint. Plaintiffs <u>never</u> moved to amend the complaint to add Ms. Mune or expand the putative class and their counsel instead chose to file a separate case in the state court system that was removed to this Court. During discovery on the class and collective action issues, defendants made substantial efforts to provide discovery as to attendants only and to identify individuals who were not attendants so that data and information on these individuals could be separated from the data on attendants. While plaintiffs' counsel may dismiss those efforts and the enormous burden to which plaintiffs put defendants, those burdens were real and substantial. Moreover, as noted above, plaintiffs provide an inaccurate and misleading account of their filing of the separate case on behalf of Ms. Mune and a separate class. Significantly, plaintiffs did not make any of these arguments in their moving papers.

Honorable William H. Pauley, III
May 10, 2007
Page 3

      Fourth, plaintiffs submit to the Court with their reply a new proposed Notice of Pendency which is still objectionable and improper. Clearly, defendants had no opportunity to address this new proposed notice.

      For the above reasons, defendants request a pre-motion conference to discuss the proposed motion to strike Plaintiffs' Reply Memorandum and/or in the alternative to allow defendants to file a surreply in opposition to the plaintiffs' pending motion to certify a class and circulate a Notice of Pendency.

      Respectfully submitted,

      Edward Copeland

EC/ss

cc: Michael Shen, Esq. (by facsimile)

NY #1151072 v1