UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------x

KARIM TOURE, MOHAMMED ISLAM,
HERBERT SMILEY, JUBRIL OLUGBODE,
YOWY M. NUNEZ, INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY           Case No. 05 Civ. 5237 (WHP)
SITUATED,
                    Plaintiffs,         **Judge: Hon. William H. Pauley III**

         -against-

CENTRAL PARKING SYSTEMS OF NEW
YORK, INC., CENTRAL PARKING
CORPORATION, HECTOR CHEVALIER,
PATRIS FREYCINET, RAJENDRA MANGAL,
JOHN HARRISON, DANNY BENOIT, JUAN
ACEVEDO, JOHNNY CONCEPCION,

                    Defendants.
---------------------------------------x

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, Plaintiffs Karim Toure, Mohammed Islam, Herbert Smiley, Jubril Oluglode, Yowy Nunez, Ramon Valentin and Johnny Espinal ("Named Plaintiffs"), individually and on behalf of all members of the Class defined herein, filed this action on behalf of themselves and with respect to some claims, others similarly situated, against Defendants Central Parking System of New York, Inc., Central Parking Corporation, Hector Chevalier, Patris Freycinet, Rajendra Mangal, John Harrison, Danny Benoit and Juan Acevedo (collectively "Defendants") in the United States District Court for the Southern District of New York, Civil Action No. 05 Civ. 5237 (WHP) on or about June 2, 2005 (the "Action");

**WHEREAS**, the Named Plaintiffs asserted the following twelve claims for relief: (1) failure to pay overtime or the full and proper payment of wages and benefits under the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime or full and proper wages under the New York Labor Law, Articles 6 and 7; (3) unjust enrichment; (4) quantum merit; (5) retaliation in violation of the New York Labor Law § 215 (on behalf of Plaintiffs Toure, Islam and Smiley only); (6) discrimination on the basis of ethnicity in violation of 42 U.S.C. § 1981; (7) discrimination on the basis of race or national origin in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; (8) discrimination on the basis of national origin and ethnicity in violation of the New York City Human Rights Law; (9) discrimination on the basis of national origin and ethnicity in violation of the New York State Human Rights Law; (10) discrimination on the basis of religion in violation of the New York State Human Rights Law (on behalf of Plaintiffs Toure, Olugbode and Islam only); (11) discrimination on the basis of religion in violation of the New York City Human Rights (on behalf of Plaintiffs Toure, Olugbode and Islam only); and (12) retaliation in violation of the FLSA, 29 U.S.C. §215;

**WHEREAS**, on September 28, 2007, the Court (1) certified a class under Fed. R. Civ. P. 23(B)(3) of parking attendants at the One Penn Plaza garage on the night shift, who at any time between March 1, 2000 through March 30, 2006 were denied overtime pay in violation of the New York Labor Law, §§190 *et seq.* and 650 *et seq.*, (2) determined that plaintiffs Toure, Smiley, Islam, Olugbode, and Nunez were adequate class representatives ("Plaintiffs"), and (3) appointed Michael Shen and Associates, P.C. as class counsel;

**WHEREAS**, the Named Plaintiffs assert their class and collective action claims and all claims relating to overtime and payment of wages and compensation only against the Defendants Central Parking System of New York, Inc. and Central Parking Corporation;

**WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23 (e), Fed.R.Civ.P., for an order approving settlement of the FLSA and New York State Labor Law overtime and retaliation claims alleged in the Action, in accordance with a Settlement Agreement dated July 15, 2009 (the "Agreement"), which together with the exhibits annexed hereto, sets forth the terms and conditions for a proposed settlement of the Action against Defendants and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and,

**WHEREAS**, all terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

IT IS ON THIS 11th DAY OF September, 2009 HEREBY ORDERED AS FOLLOWS:

1. The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interests of the Plaintiffs and the Class as described in the Agreement (hereinafter the "Class").

2. The Settlement Hearing shall be held before this Court, on December 11 2009 at the United States District Court, Southern District of New York, 500 Pearl Street, at 11:00 a.m. New York, NY 10007, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and to determine the amount of attorney's and/or administrator's costs and expenses that should be awarded Plaintiff's Class Counsel.

3. The Court approves, as to form and content, the Settlement Notice and

finds that the mailings and distribution of the Settlement Notice substantially in the manner and form set forth in this Order constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, and the Constitution of the United States and any other applicable laws.

4. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Notice of any adjournment can be obtained from plaintiffs' Counsel: Michael Shen, Esq. and Elaine Smith, Esq. 350 Seventh Avenue, Suite 1800, New York, NY 10001 (212-419-1500). The Court may approve the settlement, with such modifications as may be agreed to be the settling parties if appropriate, without further notice to the Class.

United States District Judge

Dated: September 11, 2009